UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELECTRONICALLY FILED

CRIMINAL ACTION NO. 3:18-CR-0032-6-TMR

UNITED STATES OF AMERICA                    PLAINTIFF

vs.

CHANDRA D. HARMON                           DEFENDANT

---

SENTENCING MEMORANDUM

---

Now comes the Defendant, Chandra Harmon, by and through counsel, and tenders the following sentencing memorandum.

Any sentencing must begin with a review of 18 U.S.C. §3553, which indicates the Court must impose a sentence sufficient but not greater than necessary to comply with the purposes set forth therein. Specifically, in fashioning an appropriate sentence the Court is directed to consider the following factors:

1. Nature and circumstances of the offense and the history and characteristic of the Defendant,

2. The need for the sentence imposed to:

    Reflect the seriousness of the offense

    To promote respect for the law

    To provide just punishment for the offense

    To afford adequate deterrence

    To protect the public from further crimes of the Defendant

>To provide the Defendant with needed vocational training

>The need to avoid unwarranted sentencing disparities

>To provide restitution for victims

The nature and circumstances of the case at bar present a complicated situation. The action of Sterling Roberts culminated in the death of another human being. Most assuredly Roberts committed the most serious of crimes. However, the Defendant had absolutely no involvement in, or knowledge of, Sterling Robert's criminal plans.

Rather the Defendant's criminal conduct occurred well after the commission of the murder. The undersigned would never seek to minimize any criminal conduct; however, when reviewed against the back drop of the entire case, the Defendant's actions absolutely are on the very lowest end of the spectrum.

The Defendant likewise had no involvement in the destruction of evidence. Rather, it was only out of concern for her daughter and husband, she crossed the line by counseling her husband not to cooperate with authorities. The base offense level for such conduct would typically only be a level 14; however, because her conduct was bootstrapped to Sterling Robert's criminal conduct, her offense level skyrocketed to level 30. It is absolutely drachonian to punish the Defendant's conduct with such a severe offense level.

The history and characteristics of the Defendant certainly justify a low sentence. First, despite being 57 years of age, the Defendant has a criminal history category I. The Defendant's life history reveals a women raised in a difficult environment who has worked for everything she has gotten. Despite needing to overcome childhood and adult

obstacles, the Defendant obtained a college degree and has been gainfully employed as a nurse. She truly has been a model of hard work and perseverance.

The one constant in the Defendant's life has been a love for, and loyalty to, family. The Defendant was raised in a difficult setting, yet has always demonstrated a fierce loyalty to her family. That same protective love and loyalty for her daughter and husband, no doubt, led to the conduct that has landed her before this Court. The Defendant's maternal instinct to protect is the primary reason she stands before this Honorable Court.

There is no question that a sentence well below the applicable advisory guideline range will reflect the seriousness of the Defendant's conduct, promote respect for the law and afford adequate deterrence. The undersigned would venture to speculate that the average citizen would not realize the Defendant's actions constituted criminal conduct, much less could result in a prison sentence. Likewise, the Defendant does not need a sentence that would give her time to obtain vocational or educational training. She has already pulled herself up and obtained a college degree. Lastly, the need to protect the public from further crimes of the Defendant is almost non-existent. The Defendant most assuredly will never be thrust into such a situation ever again.

In conclusion, based upon a thorough review of the factors in 18 USC §3553, the court would be well justified in imposing a sentence of home incarceration; at worst a sentence of one (1) year and one (1) day. If the Court deems a prison sentence appropriate, the Defendant requests that the Court recommend a nearby Federal Medical Center, based upon the recent medical difficulties spelled out in the recently filed motion to continue sentencing.

Respectfully submitted,

/s/Timothy E. Schneider
Timothy E. Schneider
FESSLER, SCHNEIDER & GRIMME
20 North Grand Avenue, Suite 8
Ft. Thomas, KY 41075
(859) 291-9075 Phone
(859) 291-9165 Fax
*Counsel for Defendant, Chandra Harmon*

## CERTIFICATION

I certify that on 29th day of April, 2021, I electronically filed this document through the CM/ECF system, which will send the notice of electronic filing to all counsel of record.

/s/Timothy E. Schneider