# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:18 CR 32(6) |
| Plaintiff, | : | JUDGE THOMAS M. ROSE |
| v. | : | |
| CHANDRA D. HARMON, | : | SENTENCING MEMORANDUM OF THE UNITED STATES |
| Defendant. | : | |
| | : | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files its position concerning the sentencing of Defendant Chandra Harmon. This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report ("PSR") in this case, anticipated testimony of FBI Special Agent Andrea Kinzig, and any further evidence or argument as may be presented at the sentencing hearing on this matter.

Respectfully submitted,

VIPAL J. PATEL
Acting United States Attorney

s/Sheila G. Lafferty
SHEILA G. LAFFERTY (0042554)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 469-5715
E-mail: Sheila.Lafferty@usdoj.gov

**I.      BACKGROUND**

On March 13, 2018, a federal Grand Jury returned an Indictment against defendant Chandra D. Harmon ("Harmon") charging her with one count of Tampering with a Witness by Intimidation in violation of Title 18, United States Code, Sections 1512(b) and (2).   On December 10, 2019, a First Superseding Indictment was returned which again charged Harmon with the same offense. On January 11, 2021, Harmon entered a plea of guilty to the charge.

The PSR sets forth an advisory guideline range of 70 to 87 months.   With this sentencing memorandum, the United States requests a sentence within the advisory guideline range to be followed by a three-year term of supervised release.

**II.     SENTENCING FACTORS**

**A.      Nature and Circumstances of Offense and History and Character of Defendant**

The PSR accurately sets forth the offense conduct in this case. (PSR, at ¶¶ 25-49, 51.) As this Court has conducted numerous hearings in relation to multiple co-defendants in this case, it is not necessary for the United States to again recite the facts supporting the charge against Chandra Harmon.

As noted in the PSR, Harmon's conduct supported the following guideline calculations:

| | | |
|---|---|---|
| U.S.S.G. § 2J1.2(a) | Base Offense Level | 14 |
| U.S.S.G. § 3B1.1(c) | Cross Reference – Accessory After the Fact First Degree Murder | |
| | **ADJUSTED BASE OFFENSE LEVEL** | **30** |
| | Acceptance of Responsibility/ Timely Notice | - 3 |
| | **TOTAL OFFENSE LEVEL** | **27** |

A Net Offense Level of 27 combined with a criminal history I results in an advisory guideline range of 70 to 87 months.

2

As to the history and character of the defendant, the United States relies on the information learned during the course of the investigation, and facts contained in the PSR. Harmon is currently 57 years old. (PSR, ¶ 76). She was born and raised in Dayton, Ohio and following the divorce of her parents, she alternated living in Dayton with her mother and Tennessee with her father. (*Id*.) She has one sister and one maternal half-sister with whom she is close and one paternal half-sister who resides in Tennessee. (PSR, ¶ 79).

The PSR, documents that Harmon has married and divorce five times since 1983. (PSR, ¶ 80). She is the mother of two children by her first husband, a son residing in Kentucky, and a daughter, Tawnney Caldwell, one of the lead defendants in the current case. (PSR, ¶ 80). After divorcing him in 1989, Harmon married her second husband in 1990 and divorced in 1994. (PSR, ¶ 82). At that time, Harmon was working as a bartender and drinking heavily. (*Id*.) In 1997, while still working at a strip club, Harmon met and married her third husband who a regular customer. (*Id*.) After divorcing him in March 2000, she married her fourth husband who was also employed at the strip club. (PSR, ¶ 82). The marriage ended in 2007 and two years later, Harmon married James Harmon, a co-defendant in the current case. (*Id*.) Notably, Chandra Harmon met James after posting an advertisement for her services as an escort. (*Id*.) In 2019, their divorce was finalized. (PSR, ¶ 83).

B. **Seriousness of Offense, Respect for the Law, Just Punishment and Adequate Deterrence**

The defendant in the instant case has been convicted of witness tampering in the investigation of a first-degree murder case. The execution of Bobby Caldwell occurred as he was leaving a counseling appointment with his three minor sons on August 15, 2017. Sterling Roberts, the boyfriend of Tawnney Caldwell, shot Bobby twelve times at close range.

In the aftermath of Bobby Caldwell's death, the Riverside Police Department and the FBI began investigating the case and interviewing witnesses – and unraveling the motive behind his murder.

Within three months of the murder, on November 17, 2017, in the midst of the investigation, Chandra Harmon and Tawnney Caldwell tried to persuade a witness from providing critical information to the FBI regarding firearms related to Sterling Roberts. They specifically instructed the witness to dispose of a particular firearm and then lie to law enforcement about that firearm and an additional AK47 in an attempt to mislead the FBI in the homicide investigation.

Given the circumstances of this case, a term of imprisonment sentence within the advisory guideline range is necessary to adequately address the above factors. The sentence itself will provide adequate deterrence specifically to Harmon. It is believed that such a sentence will also provide adequate deterrence to others considering engaging in the same type of criminal activity and knowledgeable of the facts of this case. Further, the defendant will be able to receive mental health and alcohol counseling while incarcerated at a Bureau of Prisons facility, as well as any needed medical treatment.

C. **Guidelines Are Reasonable and Deserve Appropriate Consideration**

The guidelines provide for an advisory range of 70 to 87 months after correctly cross-referencing to first degree murder. As such, the guidelines accurately capture the circumstances of the conduct in this case and are an important factor. The United States further submits that a sentence within the advisory guideline range accomplishes the goal of avoiding unwarranted sentence disparities.

The United States recommends that this Court, in determining a sentence, give consideration to several facets of this case which will be addressed by Agent Kinzig at sentencing.

First, the defendant's actions on the day of the murder indicate she was aware of the plans to harm Bobby Caldwell.   Second, despite a pending criminal investigation, Harmon continued to harass the mother of Bobby Caldwell and would not cease her behavior until law enforcement intervened.  Third, following the murder of Bobby Caldwell, one of his minor sons ran away and disappeared.  Harmon helped the minor to remain in hiding and refused to cooperate with law enforcement in their attempts to find him and return him to a safe environment. And fourth, although Harmon claims her conduct was driven by her fierce loyalty to her daughter and family, it is important to make sure that any sentence imposed is sufficient to reinforce the actual harm of that misguided objective and to acknowledge that witness intimidation will not be tolerated.   While witness intimidation is an important consideration in any criminal investigation, Harmon's actions arose in the context of a murder investigation which justifies the calculation of her guideline sentencing range.

      The United States therefore recommends this Court impose a sentence within the advisory guideline range to be followed by a three-year term of supervised release.   The government also recommends this Court impose the special conditions of release as recommended in the PSR.

      //
      //
      //
      //
      //
      //
      //
      //

## IV. CONCLUSION

Accordingly, the United States respectfully requests a sentence within the advisory guideline range, to be followed by a three-year term of supervised release, and any additional conditions of supervision as determined by the Court.

Respectfully submitted,

VIPAL J. PATEL
Acting United States Attorney

s/Sheila G. Lafferty
SHEILA G. LAFFERTY (0042554)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, OH 43215
Phone No.: (614) 469-5715
Email: Sheila.Lafferty@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*s/Sheila G. Lafferty*
SHEILA G. LAFFERTY (0042554)
Assistant United States Attorney